UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

    v.

**SEVENTY-TWO THOUSAND NINE HUNDRED SEVENTY-ONE AND 00/100 DOLLARS ($72,971.00) SEIZED FROM JPMORGAN CHASE BANK ACCOUNT NUMBER XXXX1879, HELD IN THE NAME OF VALUELAND AUTO SALES,**

      **Defendant.**

**Case No. 2:12-cv-882**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1) a motion for attorney fees and costs (ECF No. 43) filed by Claimant, Valueland Auto Sales ("Valueland"), a memorandum in opposition (ECF No. 46) filed by Plaintiff, the United States of America ("the Government"), and a reply memorandum (ECF No. 53) filed by Valueland;

(2) a notice of issuance of subpoena *duces tecum* (ECF No. 45) filed by Valueland, a motion to quash that subpoena (ECF No. 47) filed by the Government, a memorandum in opposition (ECF No. 49) filed by Valueland, and a reply memorandum (ECF No. 52) filed by the Government;

(3) a supplemental motion for attorney fees (ECF No. 54) filed by Valueland, a motion to strike the supplemental (ECF No. 55) filed by the Government, a memorandum in opposition to the motion to strike (ECF No. 59) filed by Valueland, and a reply memorandum

1

that was combined with a memorandum in opposition to the below motion for reconsideration (ECF No. 60) filed by the Government; and

(4) a motion for reconsideration of this Court's prior order dismissing the case without prejudice (ECF No. 57) filed by Valueland, a memorandum in opposition (ECF No. 58) filed by the Government, and a second[1] memorandum in opposition that was combined with a reply memorandum to the above motion to strike (ECF No. 59) filed by the Government.

For the reasons that follow, the Court **GRANTS** the Government's motion to quash Valueland's subpoena (ECF No. 47), **GRANTS** the Government's motion to strike the supplemental motion (ECF No. 55), **STRIKES** Valueland's supplemental motion for fees and costs (ECF No. 54), **DENIES** Valueland's request for leave of court to file the supplemental motion (ECF No. 59), and **DENIES** Valueland's motion for reconsideration (ECF No. 57).  The Court also **DENIES** Valueland's motion for attorney fees and costs.  (ECF No. 43.)

I.     BACKGROUND

On September 25, 2012, the Government filed a civil forfeiture complaint and seized $72,971 from a JPMorgan Chase Bank account held in Valueland's name.  (ECF No. 2.)  The action stemmed from an indictment filed against Valueland in a separate criminal matter.  On April 7, 2015, the Government filed a motion to dismiss the forfeiture complaint (ECF No. 41), and this Court granted that motion without prejudice (ECF No. 42).  Valueland then filed a motion requesting an award of attorney fees and costs for the civil forfeiture action under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA").  (ECF No. 43.)  In anticipation of an oral hearing on the motion, Valueland subsequently filed a notice of issuance of subpoena *duces*

---

[1] The Court recognizes that the Government filed a second memorandum in opposition to Valueland's motion for reconsideration without leave of court.  In part because the second memorandum provided no new arguments, the Court will not address its merits.

*tecum* for JPMorgan Chase Bank.  In that subpoena, Valueland requested 17 categories of documents in an attempt to prove the Government was not substantially justified in bringing the action against Valueland's account, a requirement for EAJA relief.

In a motion to quash the subpoena, the Government advanced two arguments.  First, the Government argued that the relevant section of the EAJA does not permit discovery beyond that which is in the civil action's record.  In support, the Government cited the language of the statute itself, "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record which is made in the civil action for which fees and other expenses are sought."  28 U.S.C. § 2412(d)(1)(B).  Second, the Government argued that JPMorgan Chase is prohibited from disclosing Suspicious Activity Reports ("SAR") by the Bank Secrecy Act, 31 U.S.C. § 5318(g)(2)(A)(i), even when ordered by subpoena.  Valueland then voluntarily withdrew its request for any SARs in its reply memorandum.  The remainder of the subpoena and the Government's first argument are now before the Court.

In its reply to the motion to quash, Valueland argues that the EAJA "does not preclude discovery or an evidentiary hearing in determining whether Valueland is entitled to an award of its attorney fees."  (ECF No. 49, at Page ID # 359.)  Further, Valueland argues that the Government lacks standing to attack the subpoena.

The Government, in its reply, argues that the EAJA does not control Valueland's motion for attorney fees and costs.  (ECF No. 46.)  Instead, the Government contends that the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") provides the exclusive remedy in civil asset forfeiture cases.  28 U.S.C. § 2412(b)(1).  To support this contention, the Government cites the plain language of the EAJA, which provides that "except as otherwise specifically provided by statute, a court shall award" attorney fees.  28 U.S.C. § 2412(d)(1).

3

On June 8, 2015, Valueland filed a supplemental motion for attorney fees and costs.  The supplemental motion requested fees on two additional bases – CAFRA and Federal Rule of Civil Procedure 41(a)(2).  (ECF No. 54.)  Valueland filed the supplemental motion without leave of court, and the Government subsequently filed a motion to strike on the ground that leave of court was required.  (ECF No. 55.)  Valueland then requested leave of court to submit the supplemental memorandum *instanter*.  (ECF No. 59.)  The Government argues that the Court should not grant leave because there is no good cause.

Valueland also filed a motion for reconsideration of the Court's prior dismissal of the forfeiture complaint without prejudice.  Valueland asks the Court to reconsider the Rule 41(a)(2) dismissal without prejudice and instead grant the dismissal with prejudice.  In the alternative, Valueland requests the Court award attorney fees and costs retroactively for the dismissal without prejudice under Rule 41(a)(2).  The Government asks the Court to deny the motion.

## II. ANALYSIS

### A. Valueland's subpoena *duces tecum* and motion for attorney fees and costs

The Court finds that the Government's motion to quash Valueland's subpoena is well taken.  Because much of the rationale behind that conclusion also informs consideration of Valueland's motion for attorney fees and costs, the Court necessarily concludes that the latter motion is not well taken.

This Court concludes that the EAJA permits discovery beyond that conducted in the underlying civil case.  The EAJA requires that the Government prove, based on the existing record, that it was substantially justified in bringing the action in order to avoid paying fees and costs. Following the Eleventh Circuit's reasoning, the Court disagrees with Valueland's contention that the EAJA permits additional discovery on the issue of substantial justification:

4

> [P]ursuant to the 1985 amendments to the EAJA . . . a court must determine whether the United States position was substantially justified "on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). Congress added this language to ensure that "the 'substantial justification determination' will not involve additional evidentiary proceedings or additional discovery of agency files, solely for EAJA purposes." H.R.Rep. No. 120, 99th Cong., 1st Sess. 13, *reprinted in* 1985 U.S. Code Cong. & Admin. News 132, 142.

*United States v. Certain Real Estate Prop. Located at 4880 S.E. Dixie Highway*, 838 F.2d 1558, 1564-65 (11th Cir. 1988). Additionally, the Supreme Court has warned, "a request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Allowing discovery outside the record to determine substantial justification would effectively amount to a second major litigation. Finally, the plain language of the EAJA indicates that a substantial justification determination must be based on the civil complaint's record. *See United States v. Gilbert,* 198 F.3d 1293, 1298 (11th Cir. 1999) (" 'In construing a statute we must begin, and often should end as well, with the language of the statute itself.' ") (quoting *Merritt v. Dillard Paper Co.,* 120 F.3d 1181, 1185 (11th Cir. 1997)).

Valueland purports to advance adverse law to the above precedent but in doing so consistently mischaracterizes the law. For example, Valueland cites *Dunn v. Sullivan*, 794 F. Supp. 133 (D. Del. 1992), a case in which a court held that a party seeking fees under the EAJA was entitled to discovery. However, *Dunn* allowed additional discovery to determine whether a party was "substantially prevailing," not whether the Government was "substantially justified." *Id.* at 137. Additionally, Valueland contends that the Federal Court of Claims has held that the Government was entitled to discovery under the EAJA. (ECF No. 49, at Page ID # 539 (citing *Lion Raisins, Inc. v. United States*, 57 Fed. Cl. 505, 507 (2003))). The only mention of discovery in *Lion Raisins* was not in the holding, but in the facts, which indicated that "[d]efendant took the unusual step of moving for discovery regarding the EAJA application" and that the motion

was granted. *Id.* at 507-08. It is unclear which part of the EAJA the discovery was intended to supplement. Finally, Valueland's additional case citations discuss evidentiary hearings, discuss EAJA subsections not at issue in this case, or mischaracterize the record of the case. Accordingly, this Court finds that the EAJA allows expanded discovery to determine whether the Government's position was substantially justified.

This Court concludes that, even if the EAJA were to allow for additional discovery generally, the EAJA simply does not apply in this specific matter. Instead, the Court anchors its decision to grant the Government's motion to quash on the basis that CAFRA is the controlling law for civil asset forfeiture cases. First and most significantly, the Second Circuit, in discussing the construction of the EAJA, noted, "the EAJA and CAFRA are irreconcilably at odds. Section 2465(b)(2)(A) expressly and unequivocally provides that '[t]he United States shall not be required to . . . make any other payments to the claimant *not specifically authorized by this section.*' (emphasis added). Thus, CAFRA is exclusive of all other remedies." *United States v. Kahn*, 497 F.3d 204, 211 (2d Cir. 2007); *see also EEOC v. Memphis Health Center, Inc.*, 526 F. App'x 607, 612 (6th Cir. 2013) ("[S]ubsection (d) [of the EAJA] by its plain language creates a substantive right to attorney's fees, where not provided for by another statute"). Additionally, the Court agrees with the Government that a plain language comparison of the EAJA and CAFRA supports CAFRA as the exclusive remedy in civil asset forfeiture actions. The EAJA applies "except as otherwise specifically provided by statute," and CAFRA serves as such a statute. 28 U.S.C. § 2412(d)(1)(A). *See also Ardestani v. U.S. Dep't of Justice, I.N.S.*, 502 U.S. 129, 135 (1991) ("The starting point in statutory interpretation is 'the language [of the statute] itself.' " (citation omitted)).

Because CAFRA is controlling, the Government had standing to file the motion to quash

under Federal Rule of Civil Procedure 45(d)(3)(iv). The requested documents involved in Valueland's subpoena might aid in determining whether the Government was substantially justified in bringing the civil forfeiture action, a defense to an EAJA claim. However, substantial justification is not part of the inquiry for an award under CAFRA. The subpoena would serve no purpose in deciding a CAFRA claim and would therefore subject JPMorgan Chase to an undue burden; producing the requested document categories would be a significant waste of private resources and time.

The fact that CAFRA is controlling also disposes of Valueland's motion for attorney fees and costs. (ECF No. 43.) That motion erroneously relies upon the inapplicable EAJA and does not even address CAFRA, the applicable mechanism under which Valueland should have proceeded.

For the above reasons, the Court grants the Government's motion to quash (ECF No. 47) and denies Valueland's motion for attorney fees and costs (ECF No. 43).

### B. Valueland's Supplemental Motion for Attorney Fees

The Court finds that Valueland's supplemental motion for fees is not well taken and that the Government's related motion to strike is well taken.

Valueland filed a supplemental motion for attorney fees and costs to include requests under CAFRA and Rule 41(a)(2). (ECF No. 54.) The Government subsequently moved to strike the supplemental motion on the basis that leave of court with good cause shown is required pursuant to local rule. S.D. Ohio Civ. R. 7.2 (requires leave of court and good cause for any filings beyond a motion, a memorandum in opposition, and a reply memorandum); *see also May v. McGrath*, No. 2:11-CV-0839, 2013 WL 141283, at *1 (S.D. Ohio Jan. 11, 2013) (characterizing a supplemental memorandum as a filing that requires Rule 7.2(a)(2) leave of

court). Valueland did not request leave of court or mention good cause. (ECF No. 54.) Valueland's filing thus violated Local Rule 7.2. However, in reply to the Government's motion to strike, Valueland requested leave of court to file the supplemental motion. The Court now considers that request. The question before this Court is whether good cause exists to accept the supplemental filing.

The Court concludes that Valueland has not shown good cause for either the CAFRA or the Rule 41(a)(2) request, and the Court will not permit the filing of the supplemental motion. Procedurally, the Sixth Circuit has held that failure to raise an argument in a motion acts as a waiver of that argument. *United States v. 2007 BMW 335i Convertible VIN:WBAWL73547PX47374*, 648 F. Supp. 2d 944, 952 (N.D. Ohio 2009). After citing several Sixth Circuit cases, the *BMW* court noted that it "clearly would be justified in refusing to address the Claimants' untimely . . . arguments." *Id*.

This Court exercises its discretion and denies leave to file the untimely CAFRA claim[2]

---

[2] Even if the Court were to allow the CAFRA request to proceed, Valueland would still not prevail under CAFRA; Valueland is not a "substantially prevailing" party in the civil action. *BMW* is the bedrock for this determination. *BMW*, 648 F. Supp. 2d at 948. *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), is the governing authority for § 2415(b)(1)(A). *BMW*, 648 F. Supp. 2d at 948. *Buckhannon* indicates that a claimant is a "prevailing party" when there is an alteration in the legal relationship of the parties in the civil action that is the basis of the claim for fees. *BMW*, 648 F. Supp. 2d at 948. *Buckhannon* has also become the governing authority for "substantially prevailing" parties under CAFRA:

> Under *Buckhannan*, a claimant "substantially prevails" when there is a "judicially sanctioned change in the legal relationship of the parties." 532 U.S. at 605, 121 S.Ct. 1835. The above cases applying this standard to Rule 41(a)(2) dismissals of civil forfeiture actions, moreover, have consistently concluded that dismissal without prejudice is *not* such a change in the legal relationship of the parties.

*BMW*, 648 F. Supp. 2d at 951. The instant case was dismissed without prejudice, and as discussed below, the Court will not reconsider that decision. Accordingly, Valueland is not a "substantially prevailing" party.

because Valueland can show no good cause for why CAFRA was not included in its original motion. That the Government presented CAFRA as a defense to the EAJA request is not a justification for Valueland excluding the CAFRA claim from its original motion.

In support of the Rule 41(a)(2) request, Valueland cites *BMW*, a case in which the court exercised its discretionary authority to consider a supplemental Rule 41(a)(2) claim. *BMW,* 648 F. Supp. 2d at 952. In *BMW,* the parties expressly agreed to include a footnote in the dismissal order contemplating a later motion for attorney fees and, as a result, the Government had the opportunity to anticipate and respond to a Rule 41(a)(2) request for fees. *Id.* at 953. Accordingly, *BMW* allowed the claim to proceed on its merits. In this case, the original Rule 41(a)(2) order did not address a motion for fees. There is no indication that the parties ever contemplated such a motion as part of the dismissal. Valueland has not shown good cause for why its Rule 41(a)(2) request was not included in its original motion.

For the above reasons, the Court denies Valueland's request for leave (ECF No. 59), grants the Government's motion to strike (ECF No. 55), and strikes Valueland's supplemental motion for fees and costs (ECF No. 54).

**C. Valueland's Motion for Reconsideration**

The Court finds that Valueland's motion for reconsideration is not well taken.

Valueland moved for reconsideration of the Court's dismissal without prejudice of the civil forfeiture complaint. The Court granted the motion to dismiss on April 8, 2015, and Valueland filed the motion for reconsideration on June 11, 2015. Valueland's motion for reconsideration first asks the Court to reverse its order granting dismissal without prejudice. Valueland relies on precedent that allows a district court to deny a dismissal without prejudice when there is plain legal prejudice. However, the Court has already granted a dismissal without

prejudice and therefore Valueland's argument is inapplicable. Instead, a motion for reconsideration is analyzed under the Federal Rules of Civil Procedure. Although the rules do not expressly provide for a motion for reconsideration, such a motion "may be 'pursued either under Rule 59(e) – motion to alter or amend – or under Rule 60(b) – relief from judgment or order.' " *CitiMortgage, Inc. v. Nyamusevya*, No. 2:13-CV-00680, 2015 WL 1000444, at *2 (S.D. Ohio, March 5, 2015) (quoting *Peake v. First Nat'l Bank & Trust Co. of Marquette*, 707 F.2d 1016, 1019 (6th Cir. 1983)). When a party brings a motion for reconsideration without expressly stating the civil rule relied upon, the Court may consider the motion under both standards. *Id.*

Rule 59(e) requires that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Assuming *arguendo* that Rule 59(e) applies in the present context, Valueland filed the motion for reconsideration over two months after the order granted dismissal without prejudice. For this reason, the Court will not accept the motion for reconsideration under Rule 59(e).

The Court must also consider this motion under Rule 60. Rule 60 provides several grounds for relief from a final judgment, order, or proceeding, including mistake or excusable negligence, newly discovered evidence, fraud, a void judgment, satisfaction or release from an earlier judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A party must move for reconsideration under Rule 60(b) within a reasonable time (or within a year for the first three grounds). Fed. R. Civ. P. 60(c)(1). The Rule 60(b) movant bears the burden of satisfying that rule's grounds for relief. *Jinks v. Allied Signal, Inc*., 250 F.3d 381, 385 (6th Cir. 2001); *United States v. Stone*, 68 F. App'x 563, 565 (6th Cir. 2003). The Court finds that Valueland has not met its burden for the first five grounds. Valueland did not allege or allude to any of first five grounds listed in Rule 60(b).

Under Rule 60(b)(6), a party who demonstrates exceptional or extraordinary circumstances satisfies the sixth ground: "any other reason that justifies relief." *Stone*, 68 F. App'x at 565.  In its motion for reconsideration, Valueland argues that a dismissal without prejudice would constitute "plain legal prejudice."  Plain legal prejudice is not a ground for relief under Rule 60(b).  Nonetheless, the Court will consider the facts that Valueland believes constitute "plain legal prejudice" to decide whether exceptional circumstances exist.  The Court cannot hold that the expenditures of time, money, and effort dedicated here to adjudicating the complaint constitute an exceptional circumstance.  Further, the Court cannot hold that the initiation of the action was baseless because the Government was entitled to bring such an action when a criminal case had also been initiated.  Resolution of that criminal case was a valid basis for dismissing the civil action without prejudice.  Accordingly, the Court concludes that no exceptional circumstances exist to satisfy Rule 60(b)(6) and that Valueland has not met is burden for the final Rule 60(b) ground for relief.

Valueland asks, in the alternative, for a retroactive grant of attorney fees and costs in the dismissal without prejudice.  Disguised as a motion for reconsideration, Valueland is essentially asking the Court to grant a supplemental Rule 41(a)(2) request.  The Court denies such a request for the same reasons that it declined to allow the supplemental motion asking for such an action.

For the above reasons, the Court denies Valueland's motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60.  (ECF No. 57.)

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's motion to quash Valueland's subpoena (ECF No. 47), **GRANTS** the Government's motion to strike the supplemental motion (ECF No. 55), **STRIKES** Valueland's supplemental motion for fees and

costs (ECF No. 54), **DENIES** Valueland's request for leave of court to file the supplemental motion (ECF No. 59), and **DENIES** Valueland's motion for reconsideration (ECF No. 57). Pursuant to the above, the Court **DENIES** Valueland's motion for attorney fees and costs. (ECF No. 43.)

    **IT IS SO ORDERED.**

/s/ Gregory L. Frost  
GREGORY L. FROST  
UNITED STATES DISTRICT JUDGE
